Okey, J.
1. Where a party seeks a reversal for error in the finding, under section 280 of the civil code (75 Ohio L.. 645), it is essential that the record should show a substantial compliance with the statutory provision. In this case’ it is sought to substitute the opinion of the court, delivered in deciding the case, for such finding. While it is possible that an opinion may be in such terms as to fulfill the requirement of the statute in that particular, this opinion is not of that character; and, in fact, the case can not be distinguished from Empire Trans. Co. v. Blanchard, 31 Ohio St. 650, to which we adhere.
2. Whatever rights the company had to maintain the suit for the purpose of avoiding the rescission, were probably transferred to the assignee by the assignment, which is general in terms; at least, the company has no greater' right in that respect than the plaintiffs. Creditors may occupy a more favorable position than stockholders (Green’s Brice’s Ultra Yires, 133; 38 Cal. 311, 315); but, while the rendition of the judgment in favor of the plaintiffs is admitted, it is denied that they are in fact creditors ; and the assignee is not here asking' a reversal of the judgment. The only question, then, is whether the plaintiffs, as stockholders in this insolvent corporation, are entitled to relief on the admitted facts set forth in the statement of the case. It will be observed that these facts contain no statement of fraud or unfairness, or even want of form in the transaction, but the right of the stockholders to interfere is based solely on the want of power to rescind the transaction in> *449 which W. & W. B. Price conveyed to the company the land in controversy in payment of $30,000, in shares of the company’s capital stock.
Admitting the right of stockholders to proceed in such cases (Field on Corp. § 398), the validity of the contract by which the land was conveyed to the company (Green’s Brice’s Ultra Vires, 108), and the invalidity of the transaction by which the contract was rescinded (1 Swan & Or. 309), are these stockholders, who have had notice from the first of the transaction, in a position 1o assert the invalidity of the reconveyance to W. & W. B. Price and the cancellation of the stock?
It appears that on the 5th of September, 1868, when the reconveyance was made, the stock was par, and it does not appear from the facts admitted that the company was then seriously embarrassed. Though the conveyance was made at the time stated, the action in that regard was not ratified by the directors for ten days thereafter. The plaintiffs have continued to be stockholders, and one of them has acted as a director. The company suffered embarrassment and made an assignment for the benefit of creditors, and the land was sold by the Prices to an innocent purchaser; yet no step was taken during the time, nor until January 20, 1870 — a period of sixteen months — to set aside the transaction ; nor was a claim made, so far as the record discloses, at any time before the commencement of this suit, that the transaction was unfair or invalid. Under these circumstances, we may fairly say that in view of the laches of these plaintiffs, we are precluded from granting to them the relief which they ask.

Judgment affirmed.